CARAWAY, J.,
dissenting.
hi respectfully dissent.
After the trial court’s rendition of the Judgment of Forfeiture, the court correctly determined at a contradictory post-judgment hearing that the delays for new trial and for appeal had never commenced running due to the failure to have provided Mr. Ellis notice of judgment. The judgment at that stage of the proceedings could not then be executed. Therefore, the trial court’s authorization to publicly sell the vehicle and its order to the motor vehicle department to “cancel title in the name of the defendant” and deliver title to a new purchaser were still pending the finality of the judgment. Likewise, the portion of the judgment for distribution of the $46,742 which the state had already received out of the IberiaBank account of Ms. Ellis and her daughter[1] was not then final.
With the new trial delays for the judgment still pending, the trial court allowed evidence at the contradictory hearing which revealed the “PROBLEMS” of due process regarding the missing owners of the property which the majority correctly now identifies. Nevertheless, instead of the trial court pulling back its judgment and correcting those problems with its peremptory power under La. C.C.P. art. 927(B) for the joinder of parties | indispensable for its adjudication, the court sanctioned its yet-to-be enforceable judgment, or in the more accurate musical vernacular, “let the dogs out,” against the property of owners who had never been made parties to the action. That judgment is still not final. I will not sanction it by affirmation on appeal but instead would reverse it with the same peremptory power for remand for the inclusion of Ms. Ellis and her daughter into the suit.

. I must note that the state’s administrative procedure with the bank’s acquiescence improperly resulted in the immediate payment of cash from the account to the state. The Forfeiture Act recognizes the use of a writ of attachment and constructive seizure which must be applicable to an incorporeal movable. La. R.S. 40:2606, 2607(B) and 2611(B). The demand deposit account is an incorporeal movable. Therefore, the state’s power for constructive seizure under Section 2607(B)(2) alone applies. Had a garnishment under a writ of attachment been utilized for the seizure, the bank/garnishee's declaration under oath regarding the account under its control would have revealed formally that the only named defendant in the proceeding was not the owner of the account. La. C.C.P. art. 3503 and arts. 2411, et seq.